IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| COBB COUNTY SCHOOL DISTRICT,<br><br>                    Plaintiff,<br><br>v.<br><br>C.A., by and through his parents and next friends, D.A. and P.A., D.A., and P.A., individually.<br><br>                    Defendants. | 1:15-cv-1858-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendants C.A., by and through his parents and next friends, D.A. and P.A., and D.A. and P.A.'s ("Defendants") "Motion to Dismiss for Violation of Fed. R. Civ. P. 8 and 10" ("Motion to Dismiss") "and in the Alternative to Strike and Require Plaintiff to Replead its Complaint" ("Motion for More Definite Statement")[1] (together, the "Motions") [8].

---

[1] Defendants cast their motion as a "motion to strike and require plaintiff to replead its complaint." Defendants' Motions, however, make clear that they seek a more definite statement under Federal Rule of Civil Procedure 12(e). The Court thus construes Defendants' motion as a motion for more definite statement under Rule 12(e).

## I.     BACKGROUND

On July 30, 2014, Defendants, C.A.[2] and his parents, filed a Due Process Hearing Request ("Hearing Request") under the Individuals with Disabilities Education Improvement Act (the "IDEA"), 20 U.S.C. §§ 1400, et seq.

C.A. is a blind and hearing impaired student enrolled in the Cobb County School District (the "School District").  The Hearing Request challenged the School District's altering of C.A.'s individual education plan ("IEP").  The School District transferred C.A. from Palmer Middle School to a school where the School District had established a new visually-impaired ("VI") center.  The administrative hearing was held intermittently between October 29, 2014, and December 10, 2014.  There were a total of nine (9) days of testimony.  On February 23, 2015, the ALJ entered her Final Decision [1.4], ruling in favor of Defendants, and ordering a new IEP Team Meeting to restore C.A.'s placement at Palmer Middle School.

On May 22, 2015, the School District filed its Complaint [1], seeking judicial review of the ALJ's Final Decision.  The Complaint is ninety six (96) pages and contains 314 paragraphs.  It raises one count seeking, under the IDEA, judicial review of the Final Decision.  The Complaint includes a section titled

---

[2]     Defendants refer to C.A. as "Christopher."

"Legal and Factual Errors Made by the ALJ," which details eleven (11) claimed errors in the ALJ's findings.

On August 5, 2015, Defendants filed their Motions.  In them, Defendants argue, among other things, that the Complaint is an impermissible shotgun pleading, including because:  (i) the Complaint's factual allegations are almost entirely cut and pasted from Plaintiff's post-administrative hearing statement of proposed facts submitted to the ALJ, (ii) the Complaint fails to state a short and concise statement of its claim, and (iii) the Complaint re-alleges each of its 296 factual allegations for each of Plaintiff's assertions of ALJ error, "rendering it virtually impossible for [Defendants] to know which allegations of fact are intended to support which claim(s) for relief or to respond to the Complaint . . . ." (Mot. to Dismiss at 1-3).[3]  Defendants seeks dismissal of the Complaint under Rule 12(b)(6) for violations of Rules 8(a) and 10.  In the alternative, Defendants ask the Court to strike the Complaint and order Plaintiff to re-plead, pursuant to Rule 12(e).

---

[3]   The Court sets out additional facts below.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   *Motion to Dismiss*

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id. "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir.1999). However, the same does not apply to legal conclusions set forth in the complaint. See Iqbal, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

    2.    *Motion for More Definite Statement*

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement is disfavored under the law and is "not to be used as a substitute for discovery." Coughlin v. Wal-Mart Stores E., LP, No. 8:07-cv-02189-T-30EA, 2008 WL 2704381, at *1 (M.D. Fla. July 8, 2008). "The propriety of granting such a motion lies completely within the sound discretion of the trial court." Kapila v. Militzok, No. 15-60764-civ-Lenard/Goodman, 2015 WL 7272761, at *4 (S.D. Fla. Nov. 18, 2015) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959)).[4]

---

[4]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

B.     Analysis

Defendants argue that the Complaint is a shotgun pleading, and that dismissal or a more definite statement are therefore warranted.  A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading."  Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  Describing the nature of a shotgun pleading, the United States Court of Appeals for the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009).  Shotgun pleadings also are often characterized by factually unsupported claims and frequently fail to specify which defendant is responsible for each act alleged.  Beckwith, 146 F. App'x at 372 ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading").  With a shotgun pleading it is virtually impossible to know which allegations of fact are intended to support which claims for relief.  Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent.

6

Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).  As a result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice." Guthrie v. Wells Fargo Home Mortg. NA, No. 1:13-cv-4226-RWS, 2014 WL 3749305, at *7 (N.D. Ga. July 28, 2014).

Consequently, the Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective.  Id. (citing B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009)).  To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373.  The Eleventh Circuit does not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, 305 F.3d at 1296 n.9.

Here, the School District's Complaint bears many of the hallmarks of a shotgun pleading, but differs from a classic shotgun pleading in important ways.

For instance, while the Complaint re-alleges its 296 factual allegations in its count, unlike a classic shotgun pleading there is only one count and the count, by necessity, is against all Defendants.  The Complaint also contains an enumeration of the ways in which the ALJ erred, and provides sufficient notice to Defendants of the School District's sole claim for relief—a claim for review of the ALJ's decision under the IDEA.  For these reasons, it does not appear that the Complaint qualifies as a classic shotgun pleading.  The Court also finds that the Complaint states a claim to relief that is plausible on its face, and Defendants' Motion to Dismiss is denied.

The Court, however, finds that the Complaint contains sufficient hallmarks of a shotgun pleading to require a more definite statement, because the Complaint is "so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).[5]  The Complaint fails to tie any of its factual allegations to the ALJ's purported errors, opting instead to re-allege all 296 factual allegations in

---

[5] The Court is not required to find that the Complaint is a shotgun pleading in order to require that the School District re-plead its Complaint.  See Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

support of each purported error.[6] A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief. Here, there is only one claim for relief. That claim, however, requires the Court to review the ALJ's decision. The Supreme Court has determined that, in an action under the IDEA, federal courts must give "due weight" to the ALJ's determinations. Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982); Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1314 (11th Cir. 2003). "To that end, administrative factfindings are considered to be *prima facie* correct, and if a reviewing court fails to adhere to them, it is obliged to explain why." Loren F., 349 F.3d at 1314 n.5 (internal quotation marks and citations omitted). The School District's Complaint renders it virtually impossible to know which allegations of fact are intended to support which assertions of ALJ error, and thus fails to guide Defendants and the Court as to those ALJ determinations the School District contends should not be given "due weight." The Complaint requires Defendants and the Court to "sift through the facts presented and decide for [themselves]

---

[6] The Court notes that most of the allegations of ALJ error are vague and conclusory. For instance, the Complaint alleges that the "ALJ's decision is based upon erroneous factual findings and improper legal conclusions that are not supported by the evidence or established law . . . ." (Compl. at 90). The Complaint fails to specify which factual findings or legal conclusions are erroneous, or which of the factual allegations in the Complaint support this conclusion.

which were material to the particular [error] asserted." Strategic Income Fund, 305 F.3d at 1296 n.9. As a result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." Babbitbay Beach Constr., 598 F.3d at 806 n.4.[7]

The Court also is troubled by the uncontested assertion that nearly all of the factual allegations in the Complaint are cut and pasted from the School District's proposed findings of fact that it submitted to the ALJ. The ALJ made specific findings of fact in the Final Decision, which the School District fails to address in its Complaint. This again makes it impossible to tell which findings of fact the School District contests. Notably, the Complaint includes several irrelevant factual allegations. For instance, it includes factual allegations relating to school years not at issue, including C.A.'s third and fourth grade years. (See Compl. ¶¶ 14-19).

---

[7] Further, the Eleventh Circuit has held that shotgun pleadings "lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigations, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). "History teaches us that 'unless cases are pled clearly and precisely, . . . [a] trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015) (quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996)).

The Court finds, under these particular circumstances, that the Complaint has characteristics of a shotgun pleading that require reform. The nature of the School Board's cause of action under the IDEA makes its Complaint sufficiently "vague or ambiguous" that Defendants are unable to "reasonably prepare a response." See Fed. R. Civ. P. 12(e). It makes sense to the Court here that Plaintiff should be required to re-cast its complaint with enough specificity that the Defendants and the Court will know upon which facts Plaintiff relies to support each of its claimed errors by the ALJ. See Guthrie, 2014 WL 3749305, at *8. ("[T]he proper course of action for a court faced with a shotgun pleading is to require the plaintiff to re-cast [its] complaint with . . . requisite specificity . . . ." (citing Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983-84 (11th Cir. 2008))). Defendants' Motion for More Definite Statement is granted. The School District is required to file, on or before February 2, 2016, an amended complaint that complies with this Order.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants C.A., by and through his parents and next friends, D.A. and P.A., and D.A. and P.A.'s ("Defendants") "Motion to Dismiss for Violation of Fed. R. Civ. P. 8 and 10" ("Motion to

Dismiss") "and in the Alternative to Strike and Require Plaintiff to Replead its Complaint" ("Motion for More Definite Statement") [7] is **GRANTED IN PART** and **DENIED IN PART**.  Defendants' Motion to Dismiss is **DENIED**.  Defendants' Motion for More Definite Statement is **GRANTED**.  Plaintiff Cobb County School District is required to file, on or before February 2, 2016, an amended complaint that complies with this Order.

**SO ORDERED** this 19th day of January, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE